**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GEORGE EARL SMITH,**  **PETITIONER**

**V.**  **NO. 1:05CV290-D-D**

**JODY BRADLEY, ET AL,**  **RESPONDENTS**

**O P I N I O N**

This cause comes before the court on the petition of George Earl Smith for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, contrary to his plea of not guilty, on August 22, 2000, in the Circuit Court of Lowndes County, Mississippi, of aggravated assault and attempted sexual battery of a child under the age of 13. He was sentenced to 18 years imprisonment.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
> (A) the date on which the judgment became
> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
> (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's appeal to the state Court of Appeals was denied on June 4, 2002  He declined to seek further discretionary review in state court, and thereby "stopped the appeal process" and waived his right to seek a writ of *certiorari* from the U. S. Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).  Accordingly, Smith's conviction became final on June 18, 2002 (June 4, 2002, plus 14 days for filing a petition in state court for writ of *certiorari*).  Smith filed no post-conviction motions on or before June 18, 2003, one year after his conviction became final.[1]  His petition in federal court was filed on November 8, 2005, almost 29 months after the period allowed by 28 U.S.C. § 2244(d)(1). Consequently, it must be dismissed. A final judgment in accordance with this opinion will be entered.

THIS the 8th day of November,  2005.

/s/ Glen H. Davidson
CHIEF JUDGE

---

[1] 8though petitioner did not file a post-conviction motion within the allowed time period, he filed a  post-conviction motion with the Lowndes County Circuit Court on December 17, 2004, which was denied on January 12, 2005, and no appeal was sought following the denial.